UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| THE BOARD OF TRUSTEES, in their capacities as Trustees of the LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; and LABORERS TRAINING AND RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA, | No. C 13-01866 LB |
| Plaintiff, | **ORDER GRANTING MOTION TO ENFORCE SETTLEMENT AGREEMENT** |
| v. | [ECF No. 25] |
| JOHN CLARK BRISBIN, individually; JOHN CLARK BRISBIN, individually and doing business as CONSTRUCTION DEVELOPMENT SYSTEMS; and CONSTRUCTION DEVELOPMENT SYSTEMS, | |
| Defendants. | |

**INTRODUCTION**

The parties to this ERISA unpaid contributions case executed a settlement agreement and stipulated to dismissal in January 2014. *See* Stipulation and Order for Dismissal, ECF No. 24. Plaintiff now moves to enforce the settlement agreement, arguing that Defendants have failed to make required payments. *See* Motion, ECF No. 25. The court GRANTS Plaintiff's motion and enters judgment against Defendants in the amount of $102,677.67, allocated as follows:

C 13-01866 LB
ORDER

(1) $96,040.67 in contributions, liquidated damages, interest, and pre-settlement attorney's fees; (2) $3,473.25 in post-settlement interest; and (3) $3,163.75 in post-settlement attorney's fees and costs.

**STATEMENT**

Plaintiff the Board of Trustees are Trustees of the Laborers Health and Welfare Trust Fund for Northern California, Laborers Vacation-Holiday Trust Fund for Northern California, and Laborers Training and Retraining Trust Fund for Northern California (collectively, "Trust Funds"). *See* Motion, ECF No. 25 at 2. Each of the Trust Funds is an employee benefit plan created by a written Trust Agreement that is subject to section 302 of the Labor Management Relations Act ("LMRA") (29 U.S.C. § 186) and a multi-employer employee benefit plans within the meaning of sections 3, 4, and 502 of the Employee Retirement Income Security Act ("ERISA"), Pub. L. No. 93-406 (codified in part at 29 U.S.C. § 1002 *et seq*.). Complaint, ECF No. 1 at 2.

Defendants John Clark Brisbin, individually, and doing business as Construction Development Systems, and Construction Development Systems are an employer within the meaning of section 3(5) and section 515 of ERISA and an employer in an industry affecting commerce within the meaning of section 301 of the LMRA. *Id.* at 2-3. Defendants are a signatory employer to a collective bargaining agreement with the Northern California District Council of Laborers (the "Union"), which is a labor organization within the meaning of section 301 of the LMRA. *Id.* at 3. Defendants signed a Memorandum of Agreement with the Union that incorporates the Laborers' Master Agreement, which incorporates the Trust Agreements establishing each of the Trust Funds. *Id.*

The Master Agreement obligated Defendants to pay certain fringe benefits contributions for all covered work performed by its employees. *Id.* at 3-4. If Defendants paid delinquent contributions, the Master Agreement obligated them to pay interest, liquidated damages, attorney's fees and other collection costs, and provided for the audit of Defendants books and records so that Plaintiff could ascertain whether all fringe benefit contributions were timely paid. *Id.* at 4.

According to the Complaint, for the period June 2012 to February 2013, Defendants owed at least $24,788.13 in unpaid contributions. *Id.* at 4. They owed liquidated damages and interest of

C 13-01866 LB
ORDER         2

1  $11,667.82 for delinquent contributions for the period June 2010 through November 2012. *Id.*

2  Finally, they owed liquidated damages and interest on of $2,966.85 on the unpaid contributions from

3  June 2012 through January 2013. *Id.*

4      Plaintiff filed suit against Defendants on April 24, 2013. *See generally id.* Defendant "John C.

5  Brisbin a sole proprietorship, doing business as Construction Development Systems" appeared and

6  answered Plaintiff's complaint. Answer, ECF No. 7 at 1. The parties consented to the

7  undersigned's jurisdiction. *See* Plaintiff's Consent, ECF No. 6; Joint Case Management Conference

8  Statement, ECF No. 8 at 3 (stating "[t]he Parties consent to proceed before a Magistrate Judge for all

9  purposes.").

10     On December 17, 2013, the parties filed a Notice of Settlement stating that they had reached a

11 settlement and were in the process of finalizing the settlement documents. *See* Notice, ECF No. 21.

12 The Settlement Agreement was fully executed on December 18, 2013. *See* Settlement Agreement,

13 Lauziere Decl. Ex. A, ECF No. 27-1 at 5. The Settlement Agreement contains the following

14 relevant terms:

15     1. <u>Parties</u>. The parties to this Agreement ("Parties") are:

16         A.    LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and LABORERS TRAINING AND RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA (hereinafter referred to as "Trust Funds"); and

20         B.    JOHN CLARK BRISBIN, individually; JOHN CLARK BRISBIN, individually and doing business as CONSTRUCTION DEVELOPMENT SYSTEMS; and CONSTRUCTION DEVELOPMENT SYSTEMS (hereinafter referred to as "Employer").

23     2. <u>Released Matters</u>. The disputes to be settled are set forth below in this paragraph and constitute the "Released Matters" between the Parties:

24         A.    Employer is signatory to a collective bargaining agreement that requires it make contributions to the Trust Funds, and submit to a periodic audit of its books and records so that the Trust Funds can determine if the Employer is making full and prompt payment of required contributions.

27         B.    For the period of June 2012 through August 2013, the Employer failed to make required contributions to the Trust Funds in the amount of $66,733.07; liquidated damages and interest are now due on these contributions in the amount of $9,339.54. Additionally, from June 2010 through January 2013, the Employer submitted

numerous late payments, for which liquidated damages and interest are now due in the amount of $11,834.56. Additionally, the Trust Funds have incurred attorneys' fees and costs in excess of $8,133.50 in their efforts to collect these amounts. The total amount now due and owing to the Trust Funds is $96,040.67.

. . .

3. Agreement to Settle Disputes.  Except as otherwise provided herein, the Parties to this Agreement wish to finally resolve and settle all disputes between them relating to or arising out of the Released Matters (as described in Paragraph 2 above).

. . .

Therefore, in consideration of the mutual covenants contained herein, each of the Parties hereto, for themselves and their successors and assigns, hereby agrees as follows:

5. <u>Payment</u>.  Employer agrees to pay the sum Eighty-One Thousand, Three Hundred Eighty Six dollars and eighty-seven cents **($81,386.87)**. Payment shall be made as follows:

   a. Commencing in January 2014, Employer shall remit twelve (12) equal monthly payments in the amount of **$6,782.24** each.  All payments shall be due on the fifteenth day of the month in which it is due.  By way of example, the first payment is due on or before **January 15, 2014**.

   b. Employer shall remit the payments as described in Paragraph 5a above, and made payable to the LABORERS TRUST FUNDS, directly to the Trust Fund office at:
   Laborers Funds Administrative Office of Northern California, Inc.
   220 Campus Lane
   Fairfield, CA 94534-1498
   Attn: Accounts Receivable Manager

. . .

7. <u>Default.</u>  If Employer fails to make a payment as set forth in Paragraph 5 above or fails to comply with any other material condition herein, the Employer will be in default of this Settlement Agreement.  The Trust Funds will notify the Employer of the default and the Employer shall have ten (10) days from the date of the notice to cure the default.

8. Obligation to Remain Current.  Employer agrees to remain bound to the applicable collective bargaining agreement and comply with its obligations to submit all fringe benefit contributions to the Trust Funds in a timely manner pursuant to the terms of the applicable collective bargaining agreement and Trust Agreements.  If the Employer fails to timely submit complete payment or reports, the Employer will be in default of this Agreement.

9. Enforceability.  If Employer fails to cure a default as set forth in paragraphs 7 or 8, the Parties agree that this Settlement Agreement is intended to be, and shall serve as, a valid and enforceable contract, including pursuant to California Code of Civil Procedure section 664.6 and similar provisions of applicable federal law, and that the Northern District of California will have continuing jurisdiction to enforce this agreement.  Employer stipulates and agrees that judgment will be entered against it as follows: $96,040.67, consisting of $66,733.07 in delinquent contributions, plus liquidated damages and interest in the amount of $21,174.10, attorneys' fees and costs in the amount of $8,133.50, minus the amounts of any payments received, together with post-settlement interest of 12% per annum and additional attorneys' fees that accrue

> thereon in pursuing collection. The Trust Funds shall have the right to execute upon said judgment entered against Employer. Failure of the Trust Funds to exercise such option shall not constitute a waiver of the right to exercise it in the event of a continuing or subsequent default. Interest of 12% annum will be collected on all delinquent payments under this agreement.
>
> . . .
>
> 12. <u>Indemnification.</u> Employer agrees to indemnify and hold harmless Trust Funds from any and all claims arising out of Employer's failure to submit trust fund contributions on any individual who performed covered work for Employer as set forth in applicable collective bargaining agreement with Employer.
>
> . . .
>
> 19. <u>Prevailing Party</u>. The Parties agree that if either Party is forced to bring an action to enforce the terms of this Agreement, the prevailing party shall be entitled to recover their reasonable attorneys' fees and cost of suit incurred.
>
> . . .
>
> 22. <u>Enforcement</u>. The Agreement shall be enforceable in the United States District Court, Northern District of California. If, for any reason, the District Court declines to exercise jurisdiction to enforce this Agreement, it shall be enforceable in any court of competent jurisdiction.

Settlement Agreement, ECF No. 27-1.

On January 16, 2014, the parties filed a Stipulation with Proposed Order to Dismiss Without Prejudice. *See* ECF No. 23. They notified the court that they had reached a settlement and that Defendants were making payments pursuant to their agreement. *Id.* at 2. They asked the court to maintain jurisdiction over the case until April 16, 2015. *Id.* On January 17, 2014, the court signed the parties' proposed order. *See* Order, ECF No. 24.

Plaintiff now says that Defendants have not made any of the payments required under the Settlement Agreement. Lauziere Decl., ECF No. 27, ¶ 11. On February 5, 2014, Plaintiff sent Defendants a letter notifying them that they were in default under the Settlement Agreement and that the Trust Funds would move to enforce the agreement if the default was not cured. *See* Lozano-Batista Decl., ECF No. 26, ¶ 4, Ex. A.

On April 18, 2014, Plaintiff filed the pending motion to enforce the settlement agreement. Motion, ECF No. 25. In light of Defendants' failure to make the required payments and pursuant to the terms of the settlement agreement, they ask the court to award them the following:

(1) $96,040.67 in contributions, liquidated damages, interest, and attorney's fees, as provided in the

settlement agreement; (2) $3,473.25 in post-settlement interest; and (3) $3,163.75 in post-settlement attorney's fees and costs. *Id.* at 2.

The court held a hearing in the matter on June 18, 2014. *See* Minute Entry, ECF No. 31. Defendants did not appear at the hearing. *Id.*

## ANALYSIS

### I. LEGAL STANDARD

"[C]ourts have inherent power summarily to enforce a settlement agreement with respect to an action pending before it; the actual merits of the controversy become inconsequential." *Dacanay v. Mendoza*, 573 F.2d 1075, 1078 (9th Cir. 1978). Moreover, "disputes concerning a settlement agreement are governed by applicable state contract law." *U.A. Local 342 Joint Labor-Mgmt. Comm. v. S. City Refrigeration, Inc.*, No. C-09-3219 JCS, 2010 WL 1293522, at *2 (N.D. Cal. Mar. 31, 2010).

### II. ANALYSIS

As described above, the parties entered into a settlement agreement. That settlement agreement states that Defendants agreed to make certain payments to Plaintiffs by certain dates. Defendants have not made any payments and thus are in violation of the settlement agreement's terms. Further, Plaintiff sent Defendants the notice of default required by paragraph 7 of the Settlement Agreement. In such circumstances, the Settlement Agreement allows the court to enter a judgment against Defendants for $96,040.67 plus post-settlement interest and attorney's fees. Plaintiff establishes that it is entitled to $3,474.25 in post-settlement interest. *See* Lauziere Decl., ECF No. 27, ¶ 12. Plaintiff also asks for $3,163.75 in post-settlement attorney's fees. *See* Lozano-Batista Decl., ECF No. 26, ¶¶ 6-10, Ex. B. Counsel's rates of $290 and $345 per hour are reasonable. While counsel's billing records are insufficiently detailed for the court to say that the time spent on specific tasks was reasonable, 9.25 hours is a reasonable total amount of time to spend on collection activities, the default letter, the motion to enforce, and its supporting declarations. Accordingly, the court grants Plaintiff's motion to enforce and will enter judgment in the amounts requested by Plaintiff. Other courts in this district have seen fit to do the same in similar situations. *See San Francisco Residence Club v. Amado*, No. C09-2054 RS (JSC), 2012 WL 2119269, at *1 (N.D. Cal. June 11, 2012); *Geller*

*v. Bowers*, No. CV 11-00874 PSG, 2012 WL 1895961, at *2 (N.D. Cal. Apr. 13, 2012); *U.A. Local 342 Joint Labor-Mgmt. Comm.*, 2010 WL 1293522, at *3.

## CONCLUSION

Based on the foregoing, the court finds that entry of the judgment is warranted and **GRANTS** Plaintiff's motion. The judgment is in favor of Plaintiff and against the Defendants, jointly and severally, in the total amount of $102,677.67, allocated as follows: (1) $96,040.67 in contributions, liquidated damages, interest, and pre-settlement attorney's fees; (2) $3,473.25 in post-settlement interest; and (3) $3,163.75 in post-settlement attorney's fees and costs. Plaintiff is **ORDERED** to serve a copy of this order on the Defendants along with a copy of the Judgment.

This disposes of ECF No. 25.

**IT IS SO ORDERED.**

Dated: June 26, 2014

LAUREL BEELER
United States Magistrate Judge